UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| JAMES DALE RAMEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-513 |
| | ) | |
| v. | ) | HON. JANET T. NEFF |
| | ) | |
| WILLIE SMITH et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Willie Smith, Erica Huss and (unknown) Goodson. The Court will serve the complaint against Defendants D. Beltz, N. Klinesmith, (unknown) Cassel, (unknown) Cooper, R. Wood, (unknown) Gorman, and (unknown) Richardson.

**Discussion**

I. Factual allegations

Plaintiff James Dale Ramey presently is incarcerated with the Michigan Department of Corrections and housed at the Ionia Maximum Correctional Facility (ICF). He sues the following ICF employees: Warden Willie Smith, Assistant Deputy Warden Erica Huss, Inspector (unknown) Goodson, Accounting Technician D. Beltz, Grievance Coordinator N. Klinesmith, Sergeant (unknown) Cassel, Resident Unit Officer (RUO) (unknown) Cooper, RUO R. Wood, RUO (unknown) Gorman, RUO (unknown) Richardson and an unidentified RUO. He sues Defendants Smith, Huss and Goodson solely in their official capacities. He sues all other Defendants in their official and personal capacities.

Plaintiff previously filed a lawsuit in this Court, *Ramey v. Cassel et al.*, No. 1:07-cv-919 (W.D. Mich.), on September 17, 2007, raising many of the same retaliation claims raised in the instant action. The Court ordered service of the complaint. The case was voluntarily dismissed without prejudice on February 15, 2008. The instant action renews the retaliation claims raised in the prior suit and includes new retaliation claims that arose after September 2007.

Plaintiff alleges that on June 17, 2006, he was not taken out of his cell for yard privileges. When he asked Defendant Cassel about missing yard, Cassel told him that he already had been taken to the yard. When Defendant Cooper came by, Plaintiff asked Cooper why he had told Cassel that the prisoners had been taken to the yard when they had not. Plaintiff put a towel in his window and asked to see the Lieutenant. Defendant Cooper pretended that Plaintiff had declared his intent to hurt himself and told Plaintiff that he would be placed on suicide observation. Defendant Cassel came back with a response team to take Plaintiff to the observation cell. Cassel took the towel out

of Plaintiff's window. Plaintiff told Cassel that he had not threatened to hurt himself; he merely wanted to speak with the Lieutenant. Plaintiff again requested to speak with the Lieutenant. Defendant Cassel denied Plaintiff's request. When Plaintiff failed to obey the order to leave his cell, Cassel sprayed Plaintiff with pepper spray and then took Plaintiff to the shower. Plaintiff alleges that his eyes and skin were burning badly, but he was not given medical treatment. He was removed from the shower and placed in observation. Plaintiff was given two major misconducts by Cooper for threatening behavior and for disobeying a direct order (relating to the towel placement). No misconduct ticket was issued and no incident report was written about Plaintiff's refusal to come out of the cell or the use of the pepper spray. Plaintiff filed a grievance about the use of pepper spray by Defendant Cassel. At the hearing on the grievance, Plaintiff was informed that custody staff had denied that the incident had occurred.

On February 14, 2007, Defendant Wood placed Plaintiff in segregation, ostensibly because Plaintiff had engaged in threatening behavior toward Cassel. Plaintiff was found not guilty of the misconduct. On April 2, 2007, Defendant Wood went into Plaintiff's cell while Plaintiff was in the yard. Wood took a bag of protein powder and several toothbrushes. Plaintiff asserts that Wood's actions were taken in retaliation for Plaintiff's filing a grievance against Defendant Cassel. Plaintiff alleges that he was given additional misconduct tickets for threatening behavior in retaliation for the filing. While he was on detention for those misconducts, Wood allegedly told Plaintiff that he had "better shut up if I know what[']s good for me . . . ." (Compl. at 5.) Wood also threatened to do something to Plaintiff's food tray, which was overheard by other prisoners.

Plaintiff wrote additional grievances about the threats. The grievance coordinator, Defendant Klinesmith, has never acknowledged receipt of the grievances or processed them. Plaintiff alleges

that all of these actions were taken in retaliation for his grievances and for his threats to file a lawsuit.

On August 23, 2007, a razor blade was placed in Plaintiff's food. When he bit into his lunch, his upper gumline was cut by the blade. Plaintiff was taken to health care, and a picture was taken of both the injury and the blade on Plaintiff's tray. Plaintiff saw a dentist about the injury on August 27, 2007. Plaintiff filed a grievance on August 27, 2007, and was transferred to Marquette Branch Prison (MBP) on the same day. Plaintiff alleges that the razor blade was placed in his food by Defendants in retaliation for his grievances.

On September 17, 2007, while he was at MBP, Plaintiff filed his first federal lawsuit, *Ramey v. Cassel et al.*, No. 1:07-cv-919 (W.D. Mich.). One week after filing, Plaintiff was transferred back to ICF. Plaintiff alleges that he had no trouble at MBP, but when he returned to ICF, the retaliation began again. Upon receiving an order for service in Case. No. 1:07-cv-919, Plaintiff attempted to have copies made and returned to the Court, in accordance with the order for service. Although his account was charged for the copies and mailing, Defendant Beltz did not mail them. On January 18, 2008, Plaintiff received from this Court an order to show cause why he had not submitted the copies. Plaintiff filed a grievance about the copies on January 22, 2008, but it was returned to him without a response, signed by Defendant Klinesmith and the Warden's Assistant, Roger Groves. Klinesmith has refused to process appeals on the grievance. On February 7, 2008, Plaintiff filed a motion to dismiss his earlier complaint, allegedly because he was under duress from the retaliation.

On March 14, 2008, Plaintiff was placed in administrative segregation, and, when he received his property, much of his legal work was missing. He wrote a grievance, but Klinesmith has to date refused to acknowledge it. Plaintiff alleges that he has been subjected to constant

harassment and retaliation from Defendants because of the filing of the earlier lawsuit. He also alleges that, while he was in the general population, Defendant Richardson repeatedly denied him the opportunity to leave his cell to eat. In addition, Defendants have refused him the right to go to work and to the library.

Plaintiff seeks compensatory damages of $50,000.00 and punitive damages of $100,000.00 from each defendant, together with injunctive relief.

II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff has sued Warden Smith, Assistant Deputy Warden Huss, and Inspector Goodson solely in their official capacities. A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity: in this case, the Michigan Department of Corrections. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). An official-capacity defendant is absolutely immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453,

456 (6th Cir. 1998); *Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989). Therefore, the Court dismisses the suit for monetary relief against Defendants Smith, Huss and Goodson in their official capacities.

Nevertheless, an official-capacity action seeking injunctive relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (Eleventh Amendment immunity does not bar injunctive relief against a state official). As a consequence, Plaintiff's claims for injunctive relief against Smith, Huss and Goodson are not barred by sovereign immunity.

However, even if Defendants Smith, Huss and Goodson are not immune from Plaintiff's claims for injunctive relief, those claims fail to state a claim on which relief can be granted. Plaintiff fails to make specific factual allegations against Smith, Huss, and Goodson. He merely implies that they failed to conduct an investigation in response to his grievances. A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.*; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to demonstrate that Defendants Smith, Huss and Goodson engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Smith, Huss and Goodson will be dismissed for failure to state a claim

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Beltz, Klinesmith, Cassel, Cooper, Wood, Gorman and Richardson.

An Order consistent with this Opinion will be entered.


Dated: August 28, 2008                             /s/ Janet T. Neff
                                                   JANET T. NEFF
                                                   United States District Judge